CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

FEB 28 2019

JULIA C. DUDLEY, CLERK
BY: /s/ 
   DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:19CR11 |
| | : | |
| ADRIAN JOSE ROMERO | : | |
|    aka "Dre" | : | |
|    aka "Dri" | : | |
|    aka Joseph Wayne Green | : | |
| ALISON MORGAN ATKINSON | : | Violations: 21 U.S.C. § 841 |
| VERONICA MARTINEZ | : | 21 U.S.C. § 846 |
| CLAYTON LEE TATE | : | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about and between January 1, 2017, and May 16, 2018, in the Western District of Virginia and elsewhere, ADRIAN JOSE ROMERO, also known as "Dre", also known as "Dri", also known as Joseph Wayne Green, ALISON MORGAN ATKINSON, VERONICA MARTINEZ, CLAYTON LEE TATE, and others known and unknown to the Grand Jury, knowingly conspired with each other and others to knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II controlled substance, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii).

1

USAO#2018R00252

## COUNTS TWO AND THREE

The Grand Jury charges that:

1. On or about the following dates, in the Western District of Virginia and elsewhere, VERONICA MARTINEZ and CLAYTON LEE TATE, as principals and aiders and abettors, distributed and possessed with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance:

| CT # | DATE |
|---|---|
| 2 | 05/05/18 |
| 3 | 05/08/18 |

2. All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendants shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

a. **Money Judgment**

An undetermined sum of U.S. Currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

b. **Firearms and Ammunition**

1. Taurus 9mm pistol, model 709 slim, SN: TJX27311
2. Ruger, .45 caliber Pistol, SN: 861-28338
3. 20 Rounds Ammunition, .45 caliber
4. 17 Rounds Ammunition, 9mm
5. Mossberg Maverick 12 gauge shotgun, Model 88, SN: MV75807J
6. 1 box containing numerous rounds of .45 caliber ammunition

c. **U.S. Currency**

1. $2,647.00 in U.S. Currency
2. $1,485.00 in U.S. Currency

3. If any of the above-described forfeitable property, as a result of any act or omission of

the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this 26th day of February 2019.

/s/ Grand Jury Foreperson

THOMAS T. CULLEN
United States Attorney