# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:19cr00011 |
| | ) | **ORDER** |
| ADRIAN JOSE ROMERO et al., | ) | |
|     Defendants | ) | |
| | ) | |

This matter came before the undersigned on the motion for discovery filed on behalf of the defendant, Clayton Lee Tate, (Docket Item No. 57), ("Motion"). Upon consideration of the Motion, it is **ORDERED** as follows:

1. The Motion will be considered a request by the defendant for disclosures pursuant to Federal Rule of Criminal Procedure 16(a). The United States Attorney's Office shall confer with defense counsel and arrange a date by no later than June 13, 2019, on which defense counsel may inspect and copy the materials described in Fed. R. Crim. P. 16(a)(1). Note should be taken of the defendant's disclosure obligations under Fed. R. Crim. P. 16(b), and such disclosures should be made by no later than June 27, 2019;

2. Defense counsel may make an electronic copy of any materials provided by the Government to be given to the appropriate person at the facility holding the defendant for use to allow the defendant to view these materials while supervised in a secure location (i.e., warden's office or counselor's office). These

-1-

materials may not be given directly to the defendant, may not be downloaded in any form or printed by the defendant. The defendant is advised that violation of this Order may result, in addition to other potential penalties, in the defendant being required to show cause why the defendant should not be held in contempt of court. Defense counsel must retrieve the electronic copy of these materials at the conclusion of the case and delete or destroy the electronic copy of these materials.

3. To the extent that the defendant seeks disclosure of material described in *Brady v. Maryland*, 373 U.S. 83 (1963), and related cases, including *United States v. Giglio,* 405 U.S. 150 (1972) (impeachment evidence), the government's obligations to produce these materials in a timely manner exist regardless of any specific direction by the court, *see United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983); and

4. Otherwise than as set forth herein, the Motion is **DENIED**.

ENTER: May 2, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE